MEYER v. METROPOLIS KNITTING MILLS, Inc.

(Supreme Court, Appellate Term, First Department.    June 28, 1915.)

1. TENDER ☞18—ELEMENTS OF LEGAL TENDER.
    Where a tender is refused by a party, the amount offered must be deposited to the party's credit, or paid into court, to make the tender a legal one.
    [Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 55–58; Dec. Dig. ☞18.]

2. BAILMENT ☞14—BAILMENT FOR MUTUAL BENEFIT—LIABILITY OF GOODS DELIVERED BY MANUFACTURER.
    A manufacturer, receiving from another yarn to manufacture the same into sweaters, is excused from returning the goods, stolen through no fault or negligence on his part.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–55; Dec. Dig. ☞14.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Julius Meyer against the Metropolis Knitting Mills, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Charles Burstein, for appellant.

Abraham Brill, of New York City, for respondent.

PER CURIAM. Clearing from the voluminous record all extraneous matters, the issue herein is very simple. The plaintiff claims, and that is conceded, that he gave to the defendant 814 pounds of yarn to be manufactured into sweaters, for which he agreed to pay the sum of $4.25 per dozen. The defendant made and delivered to the plaintiff

33⅓ dozen. The plaintiff, estimating that there remained 436½ pounds of yarn in the hands of defendant, sued it for conversion and has recovered a judgment.

It clearly appeared upon the trial that the defendant made the entire amount of yarn into sweaters; that the plaintiff, after a portion of the sweaters had been delivered to him, made an assignment for the benefit of creditors; that the assignee called on the defendant for the remaining sweaters, and was told there had been made of the remaining yarn 24½ dozen, and that there had been a burglary committed in defendant's premises, and 11 dozen of the sweaters had been stolen; that the remaining 13½ dozen would be delivered to the assignee if he would pay for the manufacture of the entire 24½ dozen and the further sum of $12, balance due the defendant upon the making of the first lot delivered to the plaintiff.

[1] The assignee testified that he offered to pay for the entire 24½ dozen if the defendant would deliver them to him, and to pay for the 13½ dozen then in defendant's hands; but the defendant refused to deliver any, unless the entire amount was paid. After this occurred, the defendant sold the sweaters in his hands, after notice to the plaintiff. Much time was devoted on the trial upon the so-called "tender" made by the assignee to the defendant. The transaction had none of the essential elements of a legal tender, and the amount offered was not deposited to defendant's credit, nor was it paid into court.

[2] From the present state of the record the issues were apparently very simple. No claim is made that the defendant was not entitled to retain possession of the goods until he was paid at least for their manufacture. If a portion of them was actually stolen through no fault or negligence on his part, he was excused from returning them to the plaintiff. There is no legal basis for the judgment as rendered, and there must be a new trial.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.